## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEVEN BOGGS,

      Plaintiff,

    v.

SUPERINTENDENT BRIGGS, *et al.*,

      Defendants.

No. 4:22-CV-00708

(Chief Judge Brann)

## MEMORANDUM OPINION

### JUNE 7, 2022

Plaintiff Steven Boggs is currently in pretrial detention at Dauphin County Prison in Harrisburg, Pennsylvania.  He filed the instant *pro se* Section 1983[1] action, claiming constitutional violations for two completely unrelated events.  Because Boggs' complaint violates Federal Rule of Civil Procedure 20 and also fails to state a claim for relief as to several Defendants, the Court will dismiss the complaint in part.

## I.      STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2]  One

---

[1]   42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3]   *Id.* § 1915A(b)(1).

[4]   *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[5]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[6]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[7]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Boggs proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Boggs, is incarcerated.[14]

---

[8]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[9]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[10]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[11]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

[12]   *Iqbal*, 556 U.S. at 681.

[13]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[14]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.    DISCUSSION

Boggs' allegations are brief.  He claims that on May 13, 2021, he slipped in water from a leaking ceiling on A Block and "fell and got hurt."[15]  He appears to assert that, after this slip-and-fall injury, he was denied proper medical care in contravention of the Eighth and Fourteenth Amendments[16] to the United States Constitution.  Presumably, defendant Diane Wolf (of Prime Care Medical) is the target of this medical indifference claim.[17]

Boggs additionally alleges that, on July 30, 2021, he was physically assaulted by defendant C.O. Geletti.[18]  He avers that Geletti used excessive force when he "put his hands around [Boggs'] neck," pushed him up against a wall, "kneed" him, threw him to the floor, and then handcuffed him.[19]

Besides Wolf and Geletti, Boggs also names as a defendant Superintendent Briggs,[20] but provides no factual allegations involving Briggs.  The Court will briefly explain the deficiencies in Boggs' pleading.

---

[15]   Doc. 1 at 4.
[16]   Boggs alleges that he is a pretrial detainee, not a convicted prisoner.  *See id.* at 2.  Accordingly, his claims of excessive force and deliberate indifference to serious medical needs fall under the protections of the Fourteenth Amendment, rather than the Eighth Amendment.
[17]   *See id.* at 3.
[18]   *Id.* at 4.
[19]   *Id.*
[20]   *Id.* at 2.

### A.    Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[21]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[22]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[23]

As noted above, Boggs does not include any allegations that would establish personal involvement by Briggs in the alleged constitutional violations.  Briggs' name, in fact, does not appear in the complaint except for in the caption and the defendant-identification section.[24]  Additionally, Boggs does not include facts that would plausibly show how Wolf was involved in his purportedly unconstitutional medical care.  The Court can only presume that, because Boggs named Wolf as a defendant (and she is associated with Prime Care Medical), Wolf is the individual he believes is responsible for his deficient medical treatment.  Accordingly, the Court must dismiss the claims against Briggs and Wolf for lack of personal involvement.

---

[21]  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[22]  *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[23]  *Id.* (quoting *Rode*, 845 F.2d at 1207).
[24]  *See* Doc. 1 at 1, 2.

**B.    Leave to Amend**

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[25]  The Court would normally permit Boggs to file an amended complaint to correct the deficiencies concerning Briggs and Wolf.  However, Boggs' complaint improperly joins Briggs, Wolf, and Geletti in one civil action.  Under Federal Rule of Civil Procedure 20, a plaintiff may join defendants in a single action only when "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of *the same transaction, occurrence, or series of transactions or occurrences*," or if there is "any question of law or fact common to all defendants" that will arise in the action.[26]

Boggs' complaint attempts to bring claims for completely unrelated events implicating different constitutional torts, thus lacking the required basis for joinder of the named Defendants.  Accordingly, the Court will dismiss the deficient claims against Briggs and Wolf without prejudice, but those claims may not be reasserted in this case in an amended pleading; rather, Boggs may, if desired, file a *separate* civil lawsuit for his allegations of deliberate indifference to serious medical

---

[25]   *Grayson*, 293 F.3d at 114.
[26]   FED. R. CIV. P. 20(a)(2) (emphasis added).

needs.[27]   Boggs is admonished that filing such a separate civil action in federal court will require full payment of the $350.00 filing fee, which can be paid in installments under the PLRA so long as Boggs meets the requirements for filing *in forma pauperis*.[28]   Boggs is further admonished that, should he file a separate lawsuit alleging deliberate indifference to serious medical needs, he must correct the pleading deficiencies identified herein.   Finally, the Court notes that if Boggs intends to file only a state-law claim concerning the May 13, 2021 slip-and-fall incident and not a Section 1983 claim, he likely will have to file such a lawsuit in state court due to the absence of federal subject matter jurisdiction.[29]

## III.   CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Boggs' Section 1983 claims against Briggs and Wolf pursuant to 28 U.S.C. § 1915A(b)(1) because they fail to state a claim upon which relief may be granted.   Boggs, if desired, may file a new complaint in a separate civil action to assert his claims of

---

[27]   On May 28, 2022, Boggs filed a nearly identical complaint regarding the May 13 and July 30 incidents.   *See generally* Doc. 10.   That filing was received by the Clerk of Court on June 6, 2022, and docketed the same day.   *See id.*   This new complaint differs in two notable respects: (1) it does not name Wolf as a defendant, and (2) it does not appear to assert claims of deliberate indifference to serious medical needs.   *See id.*   The Court declines to construe this filing as an amended complaint, as the claims therein are raised in the initial complaint and fully addressed in today's memorandum opinion.   Should Boggs desire to assert a claim related to the May 13, 2021 slip-and-fall incident, he may file an appropriate, separate civil action in state or federal court.

[28]   *See* 28 U.S.C. § 1915(b)(1).

[29]   *See* Doc. 10 (appearing to drop allegations of deliberate indifference to medical needs but still asserting an unspecified claim for the May 13, 2021 incident).   If Boggs intends to assert only a state-law claim for the May 13 event, subject matter jurisdiction would likely be lacking.

deliberate indifference to serious medical needs.  The instant case will proceed

solely as to Boggs' excessive force claim against Geletti.  An appropriate Order

follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge