## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOGGS, | No. 4:22-CV-00708 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| C.O. GELETTI, | |
| Defendant. | |

## MEMORANDUM OPINION

### JUNE 6, 2023

Plaintiff Steven Boggs, who was previously held in pretrial detention at Dauphin County Prison (DCP) during times relevant to the instant lawsuit, filed this *pro se* Section 1983[1] action in May 2022.  His claims have been winnowed to a single Fourteenth Amendment excessive force claim against one DCP corrections officer.  Presently pending is that officer's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Because Boggs fails to carry his summary judgment burden on his remaining constitutional tort claim, the Court must grant Defendant's Rule 56 motion.

---

[1]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.   FACTUAL BACKGROUND[2]

According to Boggs' complaint, at all times relevant to his lawsuit he was being held in pretrial detention at Dauphin County Prison.[3]  Boggs alleged that he was provided inadequate medical care after a slip and fall on May 13, 2021, and that he was "assaulted" by C.O. Andrew Galletti[4] in an unrelated excessive force incident on July 30, 2021.[5]

The Court screened Boggs' complaint, as required by 28 U.S.C. § 1915A.[6] Upon review, the Court determined that Boggs had failed to state a claim for relief against defendants Superintendent Briggs or Diane Wolf for deliberate indifference to serious medical needs.[7]  Accordingly, his claims against those defendants were dismissed without prejudice.[8]  The Court, however, explained that Boggs could not file an amended complaint in this case regarding his allegations of medical

---

[2]   Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  *Id.*  Defendant C.O. Andrew Galletti filed his statement of material facts, (Doc. 29), but Boggs failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Galletti's Rule 56.1 statement.  *See* LOCAL RULE OF COURT 56.1.

[3]   *See* Doc. 1 at 2-4.  Boggs is currently incarcerated at SCI Chester.  *See* Doc. 33.

[4]   Boggs identified this defendant as "C.O. Gelletti," but defense counsel has clarified that Defendant's last name is spelled "Galletti."  *See* Doc. 29 at 1.  The Court will use the correct spelling of Defendant's last name in this opinion.

[5]   *See* Doc. 1 at 4.

[6]   *See generally* Doc. 11.

[7]   *See id.* at 5.

[8]   *See id.* at 5-6.

indifference because such a pleading would violate Federal Rule of Civil

Procedure 20(a)(2).[9]  That is because the purported medical indifference did not

arise out of the same transaction or occurrence as the alleged excessive force

incident, and thus Boggs lacked the required basis for joinder of the three named

defendants.[10]  Accordingly, the instant case proceeded on Boggs' Fourteenth

Amendment claim of excessive force against defendant Galletti only.

The undisputed facts regarding the July 30, 2021 incident are as follows.  On

that day, around 4:20 p.m., Galletti informed Boggs that he was being moved from

his current residence in the L Block Dayroom to L Block cell L-12.[11]  Boggs

responded, "[F]uck that[,] I ain't moving, call a white shirt," *i.e.*, a lieutenant.[12]

Galletti asked, advised, then ordered Boggs to move but Boggs refused to comply

with Galletti's order (despite knowing that inmates are required to comply with

orders given by corrections officers).[13]  Galletti then ordered Boggs to "cuff up,"

which Boggs knew meant that he was being ordered to place his hands behind his

back to be handcuffed.[14]  Boggs again refused Galletti's directive and pulled away

from Galletti when he reached for Boggs' wrists, resisting being put in handcuffs.[15]

---

[9]   *See id.* at 6-7.
[10]  *Id.*  Boggs was informed that, if desired, he could file a separate civil lawsuit regarding the unrelated incident of alleged medical indifference.  *Id.*
[11]  Doc. 29 ¶ 3.
[12]  *Id.* ¶ 4.
[13]  *Id.* ¶¶ 5-6, 9; Doc. 28-3 at 5.
[14]  Doc. 29 ¶ 7.
[15]  *Id.*

Following Boggs' repeated refusal to obey verbal orders, and to maintain discipline and control of Boggs, Galletti performed the following physical actions: he took hold of Boggs, pulled Boggs towards himself, "used his knee to get Boggs off balance," and pulled Boggs to the ground so that he could be handcuffed.[16] Contrary to Boggs' allegations in his complaint,[17] at no time did Galletti strike or assault Boggs beyond using his knee to subdue Boggs so that Boggs could be placed in handcuffs.[18]  Galletti then called for assistance from additional corrections officers.[19]

Immediately after the incident, Boggs was examined by medical staff and reported no injuries.[20]  He was subsequently found guilty of a disciplinary infraction for refusing to obey a verbal order.[21]  Boggs filed a grievance related to the incident approximately eight months after it occurred.[22]  His grievance was denied after an investigation,[23] but Boggs failed to appeal that denial.[24]

Galletti moved for summary judgment on the Fourteenth Amendment excessive force claim on March 2, 2023.[25]  Boggs has failed to respond to

---

[16]  *Id.* ¶ 10.
[17]  *See* Doc. 1 at 4 (claiming that Galletti "physically assaulted" and "kneed" him).
[18]  Doc. 29 ¶ 13.
[19]  *Id.* ¶ 12.
[20]  *Id.* ¶¶ 16-20.
[21]  *Id.* ¶ 14; Doc. 28-3 at 8-9.
[22]  Doc. 29 ¶ 23.
[23]  *Id.* ¶ 25.
[24]  *Id.* ¶¶ 26-27.
[25]  Doc. 28.

Galletti's Rule 56 motion in any way.  The Court *sua sponte* granted Boggs an

extension in which to provide a brief in opposition and warned him that failure to

respond would result in Galletti's Rule 56 motion being deemed unopposed,[26] but

Boggs still failed to respond.  The deadline for a responsive pleading has long

since passed, so Galletti's unopposed motion for summary judgment is ripe for

disposition.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate

and dispose of factually unsupported claims or defenses."[27]  Summary judgment is

appropriate where "the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."[28]  Material

facts are those "that could alter the outcome" of the litigation, and "disputes are

'genuine' if evidence exists from which a rational person could conclude that the

position of the person with the burden of proof on the disputed issue is correct."[29]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and

determine the truth of the matter" but rather "to determine whether there is a

genuine issue for trial."[30]  The Court must view the facts and evidence presented

---

[26]  *See* Doc. 34.
[27]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[28]  FED. R. CIV. P. 56(a).
[29]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).
[30]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[31]  This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[32]  A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[33]  Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[34]

## III.    DISCUSSION

Galletti contends that Boggs is unable to meet his Rule 56 burden because he cannot adduce any competent evidence to establish a genuine issue of material fact as to the excessive force claim.  Galletti further argues that Boggs' claim fails as a matter of law because he did not exhaust his administrative remedies.[35]  The Court is constrained to agree with both arguments.

### A.    Failure to Oppose Rule 56 Motion

First, Boggs has failed to carry his burden at summary judgment because he has not opposed Galletti's Rule 56 motion in any way.  Boggs has not identified

---

[31]  *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

[32]  *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

[33]  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[34]  *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

[35]  Galletti also raises a qualified immunity defense, which this Court finds unnecessary to reach.

any record evidence that would rebut Galletti's contention (and supporting evidence) that excessive force was not employed. Boggs has not, for example, pointed to a declaration or affidavit, medical records, witness statements, or any other evidence that could sustain a verdict in his favor. In fact, Boggs has not even filed a response to Galletti's Rule 56 motion, meaning that—under Local Rule 7.6—the motion is deemed unopposed.[36]

At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[37] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[38] No materials have been provided or cited by Boggs in opposition to Galletti's Rule 56 motion.

The Court additionally notes that, as Boggs has failed to comply with Local Rule 56.1, Galletti's statements of fact regarding the July 30, 2021 incident are deemed admitted.[39] Upon admission of these material facts, and upon review of

---

[36] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

[37] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[38] FED. R. CIV. P. 56(c)(3).

[39] *See* LOCAL RULE OF COURT 56.1.

the video evidence provided by Galletti,[40] it follows that Boggs cannot, as a matter of law, succeed on his excessive force claim.[41]   Thus, because Boggs has failed to establish that there is a genuine issue for trial, the Court is constrained to grant Galletti's motion for summary judgment as to Boggs' Section 1983 claim against him.

### B.   Administrative Exhaustion

A second reason that summary judgment must be granted in Galletti's favor is that Boggs failed to exhaust his administrative remedies.   The Prison Litigation Reform Act of 1995 (PLRA)[42] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[43]   Proper exhaustion is mandatory, even if the inmate is seeking relief— like monetary damages—that cannot be granted by the administrative system.[44]

---

[40]   *See* Doc. 31.

[41]   For a Fourteenth Amendment excessive force claim, a pretrial detainee must establish that "the force purposely or knowingly used against him was objectively unreasonable."   *Jacobs v. Cumberland County*, 8 F.4th 187, 194 (3d Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).   The factors that a court considers include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting."   *Id.* at 194-95 (quoting *Kingsley*, 576 U.S. at 397).   Based on the undisputed Rule 56 record, review of these factors demonstrates that the force used by Galletti was objectively reasonable because nearly every factor militates in favor of the reasonableness of the force applied.

[42]   42 U.S.C. § 1997e *et seq*.

[43]   *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).

[44]   *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[45]

Under either grievance policy at Dauphin County Prison (whether the policy existing at the time of the incident or the revised policy in place when Boggs filed his grievance), an inmate is required to appeal a first-level grievance denial.[46] Boggs did not appeal his initial adverse decision.[47]  Thus, he failed to exhaust his administrative remedies and procedurally defaulted on the instant excessive force claim.  With no excuse for his procedural default, he is barred from seeking relief in federal court on this claim.[48]

## IV.  CONCLUSION

Based on the foregoing, the Court must grant Galletti's motion (Doc. 28) for summary judgment.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[45]  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.

[46]  *See* Doc. 28-4 at 3 ¶ 10; *id.* at 5, 8-11.

[47]  *See* Doc. 28-4 at 3 ¶ 10.

[48]  *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004); *Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 304-95 (3d Cir. 2020); 42 U.S.C. § 1997e(a).